UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES E. GREEN | CIVIL ACTION |
| VERSUS | NO. 08-3685 |
| DISTRICT ATTORNEY OFFICE, CRIMINAL DISTRICT COURT SECTION J, ORLEANS PARISH JUDGE DARRYL DERBIGNY | SECTION "F"(4) |

REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.   **Factual Summary**

The plaintiff, James E. Green ("Green"), is incarcerated in the House of Detention within the Orleans Parish prison system. He filed this *pro se* and *in forma pauperis* complaint pursuant to Title 42 U.S.C. § 1983 against the Orleans Parish District Attorney's Office, Section J of the Orleans Parish Criminal District Court, and Judge Darryl Derbigny.

Green alleges that he was arrested on February 2, 2007, although the court records show that he was arrested on February 14, 2007. He also claims that he was held in custody for 72 days and

the district attorney's office did not file a bill of information until April 16, 2007. He alleges, under a broad reading, that the district attorney's office did not show cause for its failure to file the bill within the first 60 days. He seeks $50,000 in damages from the district attorney's office, the Orleans Parish Criminal District Court, and the Judge in Section J.

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915(e) and § 1915A, and with specific reference to prison conditions, Title 42 U.S.C. § 1997e(c), require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176

2

(5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    The *Heck* Doctrine**

Under a broad reading, Green challenges the validity of the criminal prosecution as untimely. It is unclear from Green's complaint whether he has been convicted of the offense charged on April 16, 2007, or if he is a pretrial detainee. In either case, because his claims arguably challenge the validity of his current confinement, they are barred from review at this time.

In *Heck v. Humphrey*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement. *Heck v. Humphrey*, 512 U.S. 477 (1994). Before a plaintiff may proceed under § 1983 on claims challenging a criminal conviction or proceeding, he must show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Jackson*, 49 F.3d at 177; *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).

The same consideration was later considered in the context of a pretrial detainee in *Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995). The *Mackey* court instructed that, in the case of a pretrial detainee, if it is premature to determine whether the § 1983 claims for damages are barred by *Heck*, the district court should stay the proceedings until the pending case has run its course and the Court can determine the relationship between the claim and the conviction. *Mackey*, 47 F.3d at 746.

In the present case, Green's claims challenge the validity of the criminal proceedings which led to his current confinement. A ruling in this case regarding the timeliness, vel non, of the prosecution, could affect the validity of his present confinement. Therefore, his civil rights claims are not cognizable at this time and must be dismissed with prejudice until such time as the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423 (5th Cir. 1996) (dismissal under *Heck* is with prejudice).

Furthermore, although Green has not asked this court to release him from his current confinement, his claims, to a certain extent, sound in habeas corpus. However, this civil rights proceeding is not appropriate for pursuing that type of relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Green must first pursue any such habeas corpus claims in a properly filed state post-conviction application or federal habeas corpus proceeding if appropriate.

Therefore, the Court must dismiss, with prejudice, Green's § 1983 claims challenging the validity of his state court proceedings until such time as the *Heck* conditions are met. *See Johnson*, 101 F.3d at 423. His claims are therefore frivolous and otherwise fail to state a claim for which relief can be granted. In accordance with *Heck*, the Court must also consider as an initial matter any applicable doctrines of absolute immunity and improperly named defendants.

**B.      Orleans Parish District Attorney's Office**

Green alleges that he was detained for 72 days before the Orleans Parish District Attorney's Office filed a bill of information and the delay violated his constitutional rights. The law does not

permit the plaintiff to file a claim against a District Attorney's Office, although a claim may be brought against the district attorney in his official capacity. *See Riley v. Evangeline Parish Sheriff's Office,* 637 So.2d 395 (La. 1994) (treating a claim against a Sheriff's Office as actually one against the Sheriff in his official capacity). Because the federal courts generally follow state law on this issue, *see* Fed. R. Civ. P. 17(b); *Gegenheimer v. Galan,* 920 F.2d 307, 310 (5th Cir.1991), the district court can treat the claim as one seeking monetary damages against the District Attorney in his official capacity as District Attorney for the Parish of Orleans.

The plaintiff's claims are, nevertheless, legally frivolous. Suit against a prosecutor named in his official capacity is suit against the entity he represents; in this case, that is the Parish of Orleans. *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466-67 (5th Cir. 1999);[1] *see also Kentucky v. Graham*, 473 U.S. 473 U.S. 159, 165 (1985). The District Attorney, as a representative of Orleans Parish, could be liable under § 1983 only if his actions were in execution of an unconstitutional parish policy or custom which inflicted injury or damage upon the plaintiff. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Green would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds, Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

---

[1] In *Burge*, the Fifth Circuit made clear that in Louisiana, a district attorney is not entitled to the Eleventh Amendment Immunity afforded to the State. Instead, the district attorney is a functionary of the local parish government whose liability is to be addressed under *Monell*, discussed *infra*. *Id.*

Green, however, has not asserted that the alleged errors in the prosecution of his case were the result of an unconstitutional policy or custom of Orleans Parish as contemplated by *Monell*. Green's § 1983 claims against the District Attorney's Office are frivolous.

### C.     Claims Against Division J of the Orleans Parish Criminal District Court

Green also has named as a defendant Division J of the Orleans Parish Criminal District Court. He does not set forth any specific allegations other than his general discontent with the delay in the filing of the bill of information by the prosecution. The Court is not a proper defendant in this action.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights under color of law. 42 U.S.C. § 1983; *see Will v. Michigan Dep't of St. Police*, 491 U.S. 58 (1989). In this case, Green has sued a court which does not have the capacity to sue or to be sued. In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether the Twenty-First Judicial District Court has the capacity to sue or be sued.[2]

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Although Louisiana courts have not yet ruled on the precise issue of whether a district court is a juridical person, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

---

[2]Rule 17(b) of the Federal Rules of Civil Procedure provides that: "[i]n all ...cases, capacity to sue or to sued shall be determined by the law of the state in which the district court is held."  *See* Fed. R. Civ. P. 17(b).

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.
>
> *Roberts*, 634 So. 2d at 346-47.

In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board. *See*, *Id.* at 352. Thus, where there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity under the *Roberts* analysis. *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 613-616 (La. App. 3rd Cir. 1994), *writ denied*, 650 So. 2d 244 (La. 1995).

The Louisiana Constitution organizes Louisiana's government into three separate branches, legislative, executive, and judicial. *See* La. Const., art. 2. Louisiana's district courts are created by the Louisiana Constitution as component parts of a unified state system for the exercise of the judicial power of the State of Louisiana. *See* La. Const., art. 5, §§ 1 & 16. Thus, the Orleans Parish Criminal District Court is not a separate entity, but is instead a part of the greater body of the Judicial Branch of Louisiana's state government. *See Roberts*, 634 So.2d at pp. 346-47.

Further, the Court finds no law, constitutional, statutory, or otherwise, that confers upon the Orleans Parish Criminal District Court the authority to sue or to be sued. Division J of the Orleans Parish Criminal District Court "is not an entity to which the law attributes personality," and therefore it lacks the capacity to be sued. *Bowen*, 649 So.2d at 616; *see also*, *Bellow v. Charbonnet*, No. 98-3212, 1999 WL 203740, at *1 (E.D. La. April 7, 1999) (Judicial Expense Fund for the Civil

District Court for the Parish of Orleans did not have procedural capacity to sue or be sued under Louisiana law).  The Court therefore concludes that the Orleans Parish Criminal District Court is not a proper defendant in this lawsuit and the claims against Division J of the Orleans Parish Criminal District Court should be dismissed as frivolous.

### D. Judge Darryl Derbigny

Green has named Judge Derbigny as a defendant.  Under a broad reading, it appears that Judge Derbigny may have been the presiding judge over Green's criminal case.  The Judge is immune from suit of this nature.

Absolute judicial immunity is a time honored principle established to ensure the proper administration of justice by allowing a judicial officer to exercise his authority free from any apprehension as to any personal consequences he or she may face.  *See Mireles v. Waco*, 502 U.S. 9, 10 (1991).  In a suit seeking damages against a judge, the doctrine of absolute immunity should be considered as a threshold matter.  *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Judges enjoy absolute judicial immunity for acts performed in judicial proceedings.  *Mays*, 97 F.3d at 110-11.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Id.* at 111 (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (further citation omitted)).

In addition, the Federal Courts Improvement Act of 1996 ("FCIA") amended § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."  42 U.S.C. § 1983.  Thus, injunctive relief is not

available against a judge in his role as a judicial officer individually or in his official capacity. *Guerin v. Higgins*, No. 00-0244, 2001 WL 363486, at *1 (2nd Cir. Apr. 11, 2001) (unpublished); *Nollet v. Justices of the Trial Ct. of the Commonwealth of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); *accord Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (the 1996 amendment to Section 1983 would limit the relief available from a judge to declaratory relief). Injunctive relief, that is relief from the state court orders, therefore is not available to the plaintiff in this § 1983 action against Judge Derbigny. *See Tesmer v. Granholm*, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); *Nollet*, 83 F. Supp.2d at 210.

To the extent that Green intended to name Judge Derbigny in his official capacity, he would not be a "person" for purposes of § 1983. *Will*, 491 U.S. at 58. Instead, a suit against the judge in his official capacity would be considered a suit against the State of Louisiana. *See Will*, 491 U.S. at 71. In that regard, the Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dep't of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court." La. Rev. Stat. Ann. § 13:5106(a)(2008).

Consequently, the doctrine of absolute judicial immunity and the Eleventh Amendment bar Green's suit for injunctive relief and monetary damages against the Judge Derbigny.

## IV.  RECOMMENDATION

It is therefore **RECOMMENDED** that Green's § 1983 claims challenging the validity of his confinement be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A, until such time as the *Heck* conditions are met.

It is further **RECOMMENDED** that Green's § 1983 claims against the defendants, Orleans Parish District Attorney's Office, Section J of the Orleans Parish Criminal District Court, and Judge Darryl Derbigny, be **DISMISSED WITH PREJUDICE** as frivolous and for seeking relief against immune defendants, and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 30th day of October, 2008.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

10